[No. B255005. Second Dist., Div. Five. Apr. 6, 2015.]

THE PEOPLE, Plaintiff and Respondent, v.
MARK DWAYNE KEITH et al., Defendants and Appellants.

**[CERTIFIED FOR PARTIAL PUBLICATION†]**

†Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for publication with the exception of parts II.A., B. and D.

**COUNSEL**

Jasmine Patel and Athena Shudde, under appointments by the Court of Appeal, for Defendants and Appellants.

Kamala D. Harris, Attorney General, and Tannaz Kouhpainezhad, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**TURNER, P. J.—**

## I.   INTRODUCTION

A jury convicted codefendants, Mark Dwayne Keith and Eric Edell Stokes, of cocaine base possession for sale and cocaine base transportation or sale, respectively. (Health & Saf. Code, §§ 11351.5, 11352, subd. (a).) They committed these crimes on March 24, 2013. Mr. Keith was sentenced to eight years in the county jail—the high term of *five* years for possession of cocaine base for sale, plus three years under Health and Safety Code section 11370.2, subdivision (a). Mr. Stokes had previously sustained a prior serious or violent felony conviction. (Pen. Code, §§ 667, subds. (b)–(i), 1170.12.) Mr. Stokes was sentenced to 12 years in state prison. As to Mr. Keith, we affirm the

judgment of conviction but reverse the sentence. Upon remittitur issuance, Mr. Keith is to be resentenced. As to Mr. Stokes, we affirm the judgment but direct the abstract of judgment be amended.

## II.  DISCUSSION

### A.–B.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### C.  Mr. Keith's Health and Safety Code Section 11351.5 Sentence

■ Prior to January 1, 2015, a violation of Health and Safety Code section 11351.5 was punishable by *three, four or five years* in custody. (Health & Saf. Code, former § 11351.5; Stats. 2011, ch. 15, § 153.) As noted above, Mr. Keith, who committed his crime on March 24, 2013, received a five-year sentence. However, effective January 1, 2015, Health and Safety Code section 11351.5 was amended to reduce the punishment to *two, three or four years* in custody. (Stats. 2014, ch. 749, § 3.) Uncodified section 2 of Senate Bill No. 1010 (2013–2014 Reg. Sess.) states: "(a) The Legislature finds and declares that cocaine hydrochloride (powder cocaine) and cocaine base (crack cocaine) are two forms of the same drug, the effects of which on the human body are so similar that to mete out unequal punishment for the same crime (e.g., possession for sale of a particular form of cocaine), is wholly and cruelly unjust. [¶] (b) It is the intent of the Legislature in enacting this act to provide that for the purposes of determining appropriate penalties for crimes relating to cocaine hydrochloride and cocaine base, including, but not limited to, the crime of possession, possession for sale, or transportation for sale, cocaine hydrochloride and cocaine base shall be treated in an identical manner."

■ We asked the parties to brief the question whether, under *In re Estrada* (1965) 63 Cal.2d 740, 745 [48 Cal.Rptr. 172, 408 P.2d 948], the reduced punishment for cocaine base possession for sale applies to Mr. Keith. The parties agree that it does. The 2014 amendment to Health and Safety Code section 11351.5 mitigates punishment, there is no savings clause and the judgment against Mr. Keith is not yet final. Therefore, the amended version of the statute applies to him. (*In re Estrada, supra,* 63 Cal.2d at p. 745; *People v. Hajek and Vo* (2014) 58 Cal.4th 1144, 1195–1196 [171 Cal.Rptr.3d 234, 324 P.3d 88] [explaining *Estrada* analysis]; accord, *People v. Nasalga* (1996) 12 Cal.4th 784, 787, 789–798 [50 Cal.Rptr.2d 88, 910 P.2d 1380] [Pen.

---

* See footnote, *ante,* page 983.

Code, § 12022.6, subd. (b) enhancement].) Mr. Keith's sentence is reversed. Upon remittitur issuance, defendant is to be resentenced.

## D. The Abstracts of Judgment[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## III. DISPOSITION

The judgment of conviction as to Mr. Keith is affirmed. Mr. Keith's sentence is reversed. Upon remittitur issuance, Mr. Keith is to be resentenced under Health and Safety Code section 11351.5 as amended effective January 1, 2015. The superior court clerk is to amend Mr. Keith's abstract of judgment to reflect the new sentence. The judgment as to Mr. Stokes is affirmed. Further, both defendants' abstracts of judgment are to be amended to include the orally imposed penalties and surcharge on the $50 criminal laboratory analysis fee (Health & Saf. Code, § 11372.5, subd. (a)), specifically: a $50 state penalty (Pen. Code, § 1464, subd. (a)(1)); a $35 county penalty (Gov. Code, § 76000, subd. (a)(1)); a $10 state surcharge (Pen. Code, § 1465.7, subd. (a)); a $25 state court construction penalty (Gov. Code, § 70372, subd. (a)(1)); a $5 deoxyribonucleic acid penalty (Gov. Code, § 76104.6, subd. (a)(1)); a $20 state-only deoxyribonucleic acid penalty (Gov. Code, § 76104.7, subd. (a)); and a $10 emergency medical services penalty (Gov. Code, § 76000.5, subd. (a)(1)). The superior court clerk is to deliver copies of the amended abstracts of judgment to the Department of Corrections and Rehabilitation.

Mosk, J., and Kriegler, J., concurred.

On April 15, 2015, the opinion was modified to read as printed above.

---

[*]See footnote, *ante*, page 983.